UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TODD COVERDALE, *et al.*,

    Plaintiffs,

vs.

    Civil Action 2:09-cv-00772
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge E. A. Preston Deavers

CIGNA LIFE INSURANCE
COMPANY OF NEW YORK, *et al.*,

    Defendants.

## LIMITED DISCOVERY ORDER

This case arises under the Employee Retirement Income Security Act of 1974, 28 U.S.C. § 1001 *et seq.* ("ERISA").  Plaintiff Todd Coverdale, a former employee Pfizer, Inc., is alleged to be a participant in various employee welfare benefits plans established and maintained by Defendant Pfizer.[1]  Plaintiff seeks long term disability benefits.  Plaintiff also seeks participation in the medical plans, the pension, profit sharing and 401(k) plans, and the prescription drug and life insurance plans.  Finally, Plaintiff seeks an award of statutory damages in connection with Defendant Pfizer's alleged refusal to provide requested plan materials.  Defendant CIGNA asserts counterclaims for recovery of alleged overpayment of benefits.  This matter is before the

---

[1] Plaintiffs names the following Defendants in his Complaint:  Defendant CIGNA Life Insurance Company ("CIGNA"); Defendants Pfizer, Inc. Medical Plan, Pfizer, Inc. Pension Plan, Pfizer, Inc. Profit Sharing and 401(k) Plan, Pfizer, Inc., Pfizer, Inc. Prescription Drug Plan, Pfizer Life Insurance Plan, and Pfizer, Inc. (collectively "Pfizer"); and Metropolitan Life Insurance Company.

Court for consideration of Plaintiff's Motion for Protective Order (Doc. 28), Pfizer's Memorandum in Opposition (Doc. 30), and Plaintiff's Reply Memorandum (Doc. 31). For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion.

**I.**

The instant discovery dispute only concerns Plaintiff's claim against Pfizer for statutory damages under 29 U.S.C. § 1132(c)(1). Title 29, Sections 1024(b)(4) and 1132(c)(1) require a plan administrator to respond to written requests for information within thirty days. 29 U.S.C. §§ 1024(b)(4) and 1132(c)(1). Section 1132(c)(1) vests the Court with discretion to fine an administrator up to $100 a day from the date of a failure or refusal to respond to the requests. 29 U.S.C. § 1132(c)(1). In addition, Section 1132(c)(1) treats each violation as a separate violation. *Id*. Plaintiff seeks to recover more than $250,000 in statutory penalties from Pfizer under Section(c)(1).

Plaintiff alleges that Pfizer failed to respond to his submissions of written requests for information about the various benefit plans that Pfizer has established and maintained. Specifically, Plaintiff bases his statutory-damages claim on two alleged requests for documents. Attorney Jessica H. Kim of Kegler Brown Hill & Ritter, Plaintiff's prior counsel, allegedly sent the first request on June 25, 2009 ("Kim Letter"). Plaintiff alleges that attorney Tony C. Merry, Plaintiff's current counsel, sent the second request on July 28, 2009 ("Merry Letter"). Plaintiff produced both of these letters to Pfizer with his Rule 26 initial disclosures, informing Pfizer that he intended to pursue statutory penalties under Section 1132(c)(1). Pfizer subsequently asserted that it had not received the Merry Letter. On October 4, 2010, Pfizer noticed the depositions of attorney Tony Merry, Tony Merry's assistant, and Plaintiff. (Doc. 27). On October 10, 2010,

2

Plaintiff filed the instant Motion for a Protective Order, seeking an order barring all of the depositions. Relying on *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir. 1998), Plaintiff contends that Pfizer is not entitled to depose Plaintiff with respect to his claims for benefits. Pfizer declined to respond to Plaintiff's arguments on this issue because Pfizer does not seek discovery on these claims.

With respect to his statutory-damages claims, Plaintiff maintains that "[j]ust as no discovery is available with respect to a claim for benefits, no discovery is available with respect to a claim for statutory damages." (Pl.'s Mot. 5.). Plaintiff relies on *Lampkins v. Golden*, No. 95-2001, 1996 WL 729136 (6th Cir. Dec. 17, 1996), for support. Pfizer counters that Plaintiff's position is unsupportable and inconsistent with Plaintiff's behavior, noting that Plaintiff has engaged in discovery on his statutory-damages claim. Pfizer submits that the Court cannot adequately determine the appropriateness of statutory penalties without analyzing whether Plaintiff and his counsel actually triggered the penalties provision and whether Plaintiff suffered any prejudice. Pfizer asserts that such evidence can only effectively be obtained through the requested depositions.

## II.

The Federal Rules of Civil Procedure generously permit discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Consistent with the Rules' liberal stance on discovery, Federal Rule of Civil Procedure 30(a)(1) provides that: "[a] party may, by oral questions, depose *any person*, including a party, without leave of court . . . ." Fed. R. Civ. P. 30(a)(1)(emphasis added).

Generally, a district court, in adjudicating the merits of an ERISA denial of benefits claim, cannot consider evidence outside of the administrative record. *Wilkins*, 150 F.3d at 615,

3

619.  Consequently, matters outside the record are generally not relevant or discoverable.  *See id.* at 619; Fed. R. Civ. P. 26(b)(1).  "An exception is recognized, however, when evidence outside the record 'is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part.' " *Johnson v. Connecticut General Life Insurance Company*, 324 Fed.Appx. 459, 466 (6th Cir. 2009) (quoting *Wilkins*, 150 F.3d at 619).

More particular to this case, which implicates Defendant's efforts to depose Plaintiff's attorney, the United States Court of Appeals for the Sixth Circuit has adopted the three-part test, articulated in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986), limiting this presumption of openness in discovery in instances when the deponent is opposing trial/litigation counsel:

> Discovery from an opposing counsel is "limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information . . . ; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."

*Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002) (quoting *Shelton*, 805 F.2d at 1327 (citation omitted)).  The purpose of the *Shelton* test is "to protect against the ills of deposing opposing counsel in a pending case which could potentially lead to the disclosure of the attorney's litigation strategy."  *Pamida, Inc. v. E.S. Originals*, 281 F.3d 726, 730–31 (8th Cir. 2002).

## III.

The Court need not consider whether discovery is appropriate with respect to Plaintiff's claims for benefits because Pfizer does not seek discovery on these claims.  With respect to Plaintiff's statutory-damages claims, the Court considers the propriety of the noticed depositions

in turn.

**A.     Plaintiff's Counsel, Tony Merry**

At this juncture, the Court is not convinced that Pfizer has satisfied the *Shelton* test. In light of its assertion that it never received the Merry Letter, Pfizer seeks to depose attorney Merry to obtain information relating to the circumstances surrounding the Merry Letter, including its alleged delivery to Pfizer. Pfizer has not demonstrated, however, that "no other means exist to obtain the information." *Nationwide*, 278 F.3d at 628. On this point, Pfizer simply states that it "has no other adequate means to obtain evidence as to the dispatch and delivery of a letter authored by Coverdale's counsel other than by deposing that attorney and his assistant, who presumably assisted in the preparation of the correspondence." (Defs.' Mem. in Opp. 5.) Pfizer provides no further explanation beyond this conclusory statement.

The information Pfizer seeks to obtain from deposing attorney Merry could likely be obtained through well-crafted written discovery. Indeed, it appears that Pfizer did seek to uncover such information in its First Set of Interrogatories and Requests for Production of Documents. Plaintiff, however, beyond providing a copy of the Merry Letter, refused to respond to any interrogatories or requests for documents relating to the Merry Letter, repeatedly asserting the following objection:

> As to the Count VI, the claim for statutory penalties, penalties are available only where the plan administrator has not responded to a *written* request within 30 days. Accordingly, and in light of *Wilkins*, the only evidence that bears on the Court's decision is evidence of a written communication from the Plaintiff to the plan administrator and the plan administrator's response (or lack thereof). Any other evidence Defendant might seek would not bear on a party's "claim or defense," and Plaintiff Coverdale, therefore, respectfully objects.

(Pl.'s Reply at Ex 1, Plaintiff's Responses to Defendant Pfizer's First Set of Interrogatories and Requests for Production of Documents at 2.) Plaintiff asserts a similar argument in his Reply

5

Memorandum, that *Wilkins* and *Lampkins* limit discovery on Plaintiff's statutory-damages claim.

Plaintiff's refusal to respond to Pfizer's written discovery, especially in light of the fact that he propounded written discovery on Pfizer relating to his statutory-damages claim, is untenable. First, the cases upon which Plaintiff relies, *Wilkins* and *Lampkins*, are not relevant to the Court's consideration of whether discovery concerning the circumstances surrounding the Merry Letter is permissible. *Wilkins* held that a district court, in reviewing an ERISA denial of benefits claim, must conduct its review "solely on the administrative record" unless evidence outside the record is "offered in support of a procedural challenge to the administrator's decision . . . ." 150 F.3d at 619. Plaintiff supplies no authority supporting his extension of *Wilkins* to his statutory-damages claims. Further, the very nature of a statutory-damages claim requires the district court to consider evidence outside of the record. Even Plaintiff acknowledges that he must establish that he made a written request for information and that the plan failed to respond. Contrary to Plaintiff's assertions, *Lampkins* neither limits nor forecloses discovery on statutory-damages claims. In *Lampkins*, the Sixth Circuit affirmed a district court's imposition of a penalty under Section 1132(c)(1), notwithstanding the district court's failure to make any particular findings of prejudice. 1996 WL 729136, at *3–4. The *Lampkins* Court acknowledged that "prejudice to the party requesting the documents is . . . one factor that a district court *may* consider in imposing a penalty." *Id*. The Court nonetheless held that the district court did not abuse its discretion in awarding the fine without making a finding of prejudice "[b]ecause the statute does not require a district court to take testimony or make any particular findings before assessing a penalty, and because the court articulated its reasons for imposing the penalty . . . ."[2]

---

[2]Notably, in contrast to the parties in the instant case, the *Lampkins* parties did not dispute whether the plaintiff made or the defendant received a valid written request for

*Id*.  Thus, *Lampkins* simply stands for the proposition that district courts may, but are not required to consider prejudice in evaluating ERISA statutory-damages claims.

Second, contrary to Plaintiff's assertion, information related to the circumstances surrounding the Merry Letter *is* relevant and crucial to Plaintiff's statutory-damages claim as well as Pfizer's defense to this claim.  Plaintiff appears to contend that the Merry Letter, without more, is sufficient to meet his burden of demonstrating that he made a written request for information as to that letter.  The existence of the letter alone, however, without any evidence suggesting that it was delivered, is not enough.  Put another way, Section 1132(c)(1) is not triggered simply because an attorney types a written request if that request just sits undelivered in the attorney's file.  In the instant case, as noted above, beyond providing a copy of the Merry Letter, which fails on its face to identify the typist or the method of delivery, Plaintiff has refused to further respond to Pfizer's written discovery requests for further information surrounding the letter.  To the extent written documentation of delivery exists, such as an email or certified mail receipt or facsimile transmission sheet, such documentation is both relevant and crucial to Plaintiff's claim and Pfizer's defense and is therefore discoverable.  *See* Fed. R. Civ. P. 26(b)(1); *Nationwide*, 278 F.3d at 628.  Likewise, to the extent Plaintiff intends to rely on affidavit testimony, Pfizer is entitled to discover the identity of the individuals who have personal knowledge and the extent of their personal knowledge relating to the generation and delivery of the Merry Letter, as such information is both relevant and crucial to Plaintiff's statutory-damages claim and Pfizer's defense.  *Id*.

In sum, the information Pfizer seeks to discover through deposing attorney Merry meets

---

information.

the second and third prongs of the *Shelton* test, but fails, at this juncture, to meet the first prong. Specifically, Plaintiff could likely discover such information through well-crafted written discovery. Plaintiff's refusal to respond adequately to Pfizer's First Set of Interrogatories and Requests for Production of Documents does not necessarily compel the conclusion that "no other means exist to obtain the information." *Nationwide*, 278 F.3d at 628. Instead, Pfizer could have filed a motion to compel with respect to Plaintiff's responses to its interrogatories and requests for production of documents. Consequently, Plaintiff's Motion, as to Attorney Merry is **GRANTED** at this juncture. The discovery deadline is extended until **JANUARY 15, 2010,** and the dispositive motion deadline extended until **FEBRUARY 15, 2010**.[3]

**B.     Tony Merry's Assistant**

Pfizer seeks to depose attorney Merry's assistant "who presumably assisted in the preparation of the correspondence" to "obtain evidence as to the dispatch and delivery" of the Merry Letter. (Defs.' Mem. in Opp. 5.) Plaintiff advances no additional bases for the deposition of attorney Merry's assistant beyond those the Court has already addressed. Evidence of the Merry Letter's dispatch and delivery is unquestionably relevant to Plaintiff's statutory-damages claim and Pfizer's defense to that claim. Thus, if after receipt of Plaintiff's responses to its written discovery Pfizer learns that their presumption is correct, that attorney Merry's assistant has personal knowledge of these matters, Pfizer may again notice the assistant's deposition if it requires more information beyond what Plaintiff provides in response to Pfizer's written

---

[3]This Order should not be construed as a complete foreclosure of the deposition of attorney Merry. Of course, Plaintiff remains free to raise all appropriate objections to Pfizer's written discovery requests. If, upon exhausting all efforts at written discovery, Pfizer determines that it is unable to obtain relevant and crucial information within attorney Merry's personal knowledge, Pfizer may file a motion requesting attorney Merry's deposition.

discovery. The subject matter of any such deposition is limited to the circumstances surrounding the Merry Letter. Accordingly, Plaintiff's Motion, as to Attorney Merry's assistant is **DENIED WITHOUT PREJUDICE**.

C. **Plaintiff Coverdale**

Pfizer seeks to depose Plaintiff Todd Coverdale on the limited issue of whether he suffered any prejudice in connection with his alleged request for plan documents. Pfizer correctly notes that, although not required, courts often consider prejudice to the plaintiff as a factor in determining whether to award or reduce an award of statutory penalties. *See e.g.*, *Moore v. LaFayette Life Ins. Co*., 458 F.3d 416, 437 (6th Cir. 2006); *Bartling v. Fruehauf Corp*., 29 F.3d 1062, 1068–69 (6th Cir. 1994); *Knickerbocker v. Ovako-Ajax, Inc.*, No. 98-1319, 1999 WL 551409 (6th Cir. July 20, 1999); *Hinkel v. Navistar, Int'l Corp.*, No. 90-3992, 1992 WL 5435, *4 (6th Cir. Jan.15, 1992); *Byars v. Coca-Cola Co.*, 517 F.3d 1256, 1271 (11th Cir. 2008); *Sullivan v. Raytheon Co.*, 262 F.3d 41, 52 (1st Cir. 2001); *Godwin v. Sun Life Assurance Co. of Canada*, 980 F.2d 323, 328–29 (5th Cir. 1992). Thus, Pfizer may conduct discovery, including deposing Plaintiff, on the issue of prejudice. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 30(a)(1); *Emery v. American Airlines, Inc*., No. 08-22590-CIV, 2009 WL 3877557, *5 (S.D. Fla. Nov. 18, 2009) (permitting deposition of plaintiff on the sole topic of prejudice because "[w]hen determining whether to award statutory penalties, prejudice to the beneficiary is a factor that courts can consider"). Accordingly, Plaintiff's Motion for Protective Order as to Plaintiff Todd Coverdale is **DENIED**. The *Bartling* Court explained that prejudice within the context of Section 1132(c)(1) involves a purely factual inquiry into whether a plaintiff is "in a worse position because of [the] [d]efendants' delays than [he or she] would have been if the required documents had been timely disclosed." at 29 F.3d 1067. *See also Hinkel*, 1992 WL 5435 at *4

("The focus of inquiry into an injury . . . is upon the delay in receiving the information, not upon the denial of benefits.).  Thus, in the instant case, the deposition of Plaintiff Todd Coverdale, if any, shall be limited to the narrow issue of whether Plaintiff is in a worse position because of the alleged delay in receiving the plan documents.

### III.

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Protective Order (Doc. 28).  At this juncture, Plaintiff's Motion is **GRANTED** as to attorney Tony Merry.  Plaintiff's Motion is **DENIED** as to attorney Tony Merry's assistant and Plaintiff Todd Coverdale to the extent set forth in this Order.

**IT IS SO ORDERED.**

November 16, 2010                                         /s/ *Elizabeth A. Preston Deavers*
                                                                           Elizabeth A. Preston Deavers
                                                                           United States Magistrate Judge